UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**RICARDO CRUZ**,
        Plaintiff

v.                                                    C.A. NO. _____

**UNITED RENTALS
(NORTH AMERICA), INC.**
        Defendant

## COMPLAINT

### INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by RICARDO CRUZ (hereinafter "CRUZ" or "Plaintiff") against UNITED RENTALS (NORTH AMERICA), INC. in order to remedy and seek relief for hostile environment, wrongful termination, retaliation, and other unlawful conduct by the Defendant.

### JURISDICTION AND VENUE

1.      Plaintiff invokes the jurisdiction of this Court on the basis of diversity of citizenship, pursuant to 28 U.S.C. Sec. 1332 *et seq*., in that the parties are residents, are domiciled, and/or are incorporated in different states.  Based on current good faith information and belief, the amount in controversy, exclusive of interest and costs, will exceed $75,000.00, or any other statutory minimum, vesting jurisdiction in this Court.

2.      Venue is proper in this district pursuant to 28 U.S. C. 1391 (b) and (c) , because, *inter alia*, Defendant conducts training and recruitment of potential employees in the State of Rhode Island, contains multiple locations in Rhode Island, and otherwise maintains sufficient minimum contacts with the State of Rhode Island for purposes of this Court's assertion of personal jurisdiction with respect to the Defendants:

        a.      the alleged unlawful practices occurred within the States of Massachusetts and Rhode Island; and

        b.      Plaintiff was employed by Defendant Company in the State of Massachusetts; and Plaintiff would currently be enjoying all rights, benefits, and

privileges of his employment, as a full-time employee of the Defendant, in the State of Massachusetts, but for the Defendant's unlawful employment practices.

## THE PARTIES

3.    The Plaintiff, Ricardo Cruz ("Cruz" or "Plaintiff"), an individual, is a resident and domiciliary of the City of Central Falls, State of Rhode Island, and was at the time of the events at issue in this Complaint.

4.    On information and belief, the Defendant United Rentals (North America), Inc. is a foreign corporation, maintaining an office and its principle place of business at 218 Flanders Rd., Westborough, MA 02863.  The Defendant company operates in the business of equipment sales and rental provider, among other related services and products.

5.    At all times material to this action, named or unnamed individuals referenced in this Complaint, served in the capacity of an agent, supervisor, manager, employee, representative, and/or director of the Defendant; acting within Defendant's direction, authority, and control; and on Defendant's behalf, and in furtherance of Defendant's goals; and at all times were/are a person(s) acting in the interest of an employer, as pertinent to any claims asserted in this Complaint.

## FACTS APPLICABLE TO EACH COUNT

6.    Plaintiff Cruz commenced employment with the Defendant in September 2023.

7.    Plaintiff held the position of a Service Technician/Driver, Route Service-ROS.

8.    Plaintiff's responsibilities included but were not limited to picking up and delivering portable toilets, operating a route service truck, and servicing and cleaning certain portable company rental equipment.

9.    Plaintiff is male.

10.    During his employment, Plaintiff was compelled to work in a hostile environment, characterized by conduct of an egregious and sexually oriented nature.

11.     Such conduct included inappropriate actions perpetrated by a female employee, who held the position of Dispatcher, including but not limited to this employee sending the Plaintiff inappropriate and unsolicited text messages.  This individual had supervisory and/or functional control over the Plaintiff in that she was able to assign or deny routes, loads, or calls; control access to certain work; communicate instructions; relay assignments and like actions.

12.     Plaintiff objected to this misconduct directly to the perpetrator.  Plaintiff was clear and unequivocally declined the advances cited above.

13.     Following Plaintiff's rejection, this female employee became hostile toward the Plaintiff and complained about him to the company.  She had never previously complained about the Plaintiff's work performance and reported him for alleged performance-related issues only after he rebuked her advances.

14.     Specifically, this employee reported the Plaintiff to the employer for allegedly failing to fulfill his work duties.  This report was false, exaggerated, and motivated by retaliation for Plaintiff's rejection of sexual advances.

14.     There was no basis for this employee's allegations, and, before her clearly retaliatory report, Plaintiff had never previously been warned that his job was in jeopardy or that any previous warnings or disciplinary conduct formed the basis for a terminable offense.

15.     Nevertheless, the Defendant terminated the Plaintiff's employment, specifically informing him that the basis for his termination was the report of the female employee referenced above.

16.     At the Plaintiff's termination meeting, he informed the employer that he believed in good faith that he was being retaliated against by this female employee because he had declined her sexual overtures and reported that he had objected to her sending him inappropriate sexually oriented images.

17.     Rather than investigate the retaliatory and sexually motivated misconduct as reported by the Plaintiff, the Defendant credited the false allegation and terminated the Plaintiff.

18.     At all relevant times, the female employee cited above was an agent and/or representative of the company.

19.     Defendants failed to conduct any reasonable or good-faith investigation into the Plaintiff's complaints.  In fact, despite the Plaintiff showing the employer relevant evidence in this matter, including the inappropriate photographs, the employer concluded that the Plaintiff could have retrieved the images himself from the internet, completely discrediting his complaint.

20.     Defendants did not meaningfully consider Plaintiff's account, failed to interview relevant witnesses, and/or departed from their own investigative procedures.

21.     Defendant credited the retaliatory report of the female employee and summarily terminated the Plaintiff.

22.     Plaintiff's rejection and report of inappropriate sexual advances constituted protected activity and/or opposition to conduct prohibited by Title VII.

23.     Defendant's decision to terminate the Plaintiff was causally connected to:

a. Plaintiff's rejection of sexual advances; and/or

b. The retaliatory complaint made against him as a result of that rejection.

24.     Similarly situated employees who did not engage in protected activity were treated more favorably than the Plaintiff.

25.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered loss of income, loss of benefits, emotional distress, reputational harm and other damages.

26.     Plaintiff timely filed a charge of discrimination with the EEOC and/or the appropriate state agency.

27.     Plaintiff received a right to sue and brings this action within the applicable statutory period.

### Count I
### Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964  (42 U.S.C. § 2000e et seq.)

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

29. Title VII prohibits employers from discriminating against employees with respect to compensation, terms, conditions, or privileges of employment because of sex.

30. Plaintiff was an employee of Defendant and was qualified for his position at all relevant times.

31. Plaintiff was subjected to adverse employment actions, including but not limited to termination, discipline, and/or materially adverse changes to the terms and conditions of his employment.

32. Defendant's actions were motivated, at least in part, by Plaintiff's sex and by sex-based considerations, including the differential treatment of Plaintiff as compared to similarly situated employees of the opposite sex.

33. Defendant failed to apply its policies and procedures in a fair, consistent, and nondiscriminatory manner and instead relied on sex-based stereotypes, assumptions, or biases in taking adverse action against Plaintiff.

34. Defendant's stated reasons for its actions were false, pretextual, or not the true motivating reasons, and sex discrimination was a determinative factor in Defendant's conduct.

35. As a direct and proximate result of Defendant's unlawful sex discrimination, Plaintiff suffered economic losses, emotional distress, loss of professional standing, and other damages.

36. Defendant's conduct violated Title VII, 42 U.S.C. § 2000e-2(a).

**COUNT II**
Hostile Work Environment Based on Sex (Title VII)
(42 U.S.C. § 2000e et seq.)

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38. Title VII prohibits harassment based on sex that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment.

39. Plaintiff was subjected to unwelcome conduct based on sex, including but not limited to inappropriate comments, sexual advances, sexually charged behavior, differential treatment, and retaliatory hostility after rejecting such conduct and/or opposing it.

40. The harassment was both subjectively offensive to Plaintiff and objectively offensive to a reasonable person in Plaintiff's position.

41. The conduct was severe and/or pervasive, occurring repeatedly over time and interfering with Plaintiff's ability to perform his job duties.

42. The hostile conduct altered the terms and conditions of Plaintiff's employment and created an intimidating, hostile, and abusive working environment.

43. The harassment was committed by coworkers and/or supervisors acting within the scope of their employment or with apparent authority.

44. Defendant knew or should have known of the harassment and failed to take prompt, appropriate, and effective remedial action.

45. Instead of correcting the hostile environment, Defendant tolerated, condoned, or exacerbated it, including by crediting false or retaliatory complaints and subjecting Plaintiff to adverse employment action.

46. Defendant is liable for the hostile work environment under principles of respondeat superior and/or negligence.

47. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered emotional distress, humiliation, anxiety, loss of income, and other damages.

48. Defendant's conduct violated Title VII, 42 U.S.C. § 2000e-2(a)

## COUNT III
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. § 2000e-3(a))

49. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

50. Title VII prohibits an employer from retaliating against an employee because the employee opposed practices made unlawful by Title VII or participated in an investigation, complaint, or proceeding under Title VII.

51. Plaintiff engaged in protected activity, including but not limited to:
a. Opposing and rejecting unwelcome sexual advances and sexually inappropriate conduct;
b. Complaining internally to management and/or Human Resources about sex-based harassment or discrimination; and/or
c. Participating in or being identified in an investigation concerning conduct prohibited by Title VII.

52. Defendant had actual and/or constructive knowledge of Plaintiff's protected activity.

53. Following Plaintiff's protected activity, Defendant subjected Plaintiff to materially adverse employment actions, including but not limited to discipline, heightened scrutiny, false accusations, and termination.

54. The adverse actions would dissuade a reasonable employee from making or supporting a charge of discrimination.

55. There is a causal connection between Plaintiff's protected activity and Defendant's adverse actions, as shown by:
a. Temporal proximity between the protected activity and the adverse action;
b. Escalating hostility or differential treatment following Plaintiff's opposition to

unlawful conduct;

c. Reliance on biased, retaliatory, or false reports; and/or

d. Departure from Defendant's normal policies or procedures.

56. Defendant's stated reasons for the adverse actions were false, inconsistent, exaggerated, or pretextual, and retaliation was a motivating and determinative factor.

57. Defendant acted with reckless indifference to Plaintiff's federally protected rights.

58. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff suffered lost wages and benefits, emotional distress, reputational harm, and other compensable damages.

59. Defendant's conduct violated Title VII, 42 U.S.C. § 2000e-3(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies, and programs which provide equal treatment to all employees;

b.) an order that the Defendant make whole the Plaintiff with appropriate benefits, bonuses, lost earnings, back-pay, front-pay, the value of other lost benefits, and interest subsumed by the contract at issue, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order that the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendant for its malicious conduct and/or for their reckless and/or callous indifference to the statutorily protected rights of the Plaintiff;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Ricardo Cruz
By His Attorney,

/s/ Ricardo Cruz

_____
Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250/ FAX 401-272-4520

9